IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY DAVID SIZEMORE,

      Plaintiff,

v.                                                         No. CV 09-1007 MV/CEG

OFFICER J. WILCOX, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER FOR TRANSFER

      This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A(a), and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated in Colorado and appears pro se. He has not paid the filing fee, and, in response to a cure-defect order, asserts that his custodian will not provide the necessary information for a motion to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will transfer the complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An inmate complaint may be dismissed *sua sponte* under § 1915A(a) for improper venue. *See Brown v. Cal. Dep't of Corrections*, No.

C03-2526 CRB(PR), 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have assaulted Plaintiff and ignored his serious medical condition, thereby causing him "much pain."  Plaintiff asserts that Defendants' actions have violated unspecified constitutional protections.  The complaint seeks damages.

Because Defendants are residents of Colorado and none of the alleged events occurred in New Mexico, this District is an improper venue for Plaintiff's action.  *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994).  Under these circumstances, Plaintiff's complaint could be transferred to the District of Colorado under 28 U.S.C. § 1406(a), *see Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see Brown*, 2003 WL 21321362, at *1; *Robinson*, 155 F.R.D. at 536 n.1.

The Court of Appeals for the Tenth Circuit has noted several factors that should be considered in determining whether to transfer or dismiss a complaint.  *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re: Cline*, 531 F.3d 1249, 1252 (10th Cir. July 9, 2008) (weighing *Trujillo* factors before transferring second § 2255 motion).  The first of these factors is whether a new action against the Defendants would be time-barred at this point.  *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).  According to dates in the complaint and its attachments, it appears that Plaintiff's claims are not time-barred.

Another factor is whether Plaintiff's claims against Defendants "are likely to have merit."

*Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4.  As noted above, Plaintiff alleges that he has been assaulted by officers and a serious medical condition has been ignored.  No opinion is expressed or implied herein as to whether Plaintiff may prevail on his claims, but his allegations appear to survive scrutiny under 28 U.S.C. §§ 1915, 1915A, and Fed. R. Civ. P. 12(b)(6).  Third, and for this same reason, the Court has no basis to conclude that Plaintiff's complaint was not filed in good faith.  *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).  Because the second and third *Trujillo* factors weigh in favor of transfer rather than dismissal, and in the interest of justice, *see* 28 U.S.C. § 1631, Plaintiff's complaint will be transferred to the District of Colorado.

IT IS THEREFORE ORDERED that Plaintiff's letter (Doc. 3), construed herein as a motion for leave to proceed pursuant to 28 U.S.C. § 1915, is GRANTED; and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that the Clerk is directed to TRANSFER this action to the United States District Court for the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE